IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **TANJIALA C. DISMUKE** | | **PLAINTIFF** |
| v. | | CIVIL ACTION NO. 3:14cv947CWA-FKB |
| **ONE MAIN FINANCIAL, INC.** | | **DEFENDANT** |

### COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Tanjiala C. Dismuke, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII and 42 U.S.C. §1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1. Plaintiff, Tanjiala C. Dismuke, is an adult African-American female who resides in Lowndes County at 2200 24th Street North, Columbus, Mississippi 39701.

2. Defendant, One Main Financial, Inc. is licensed to do business in Mississippi and may be served with process through its Registered Agent, C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction and venue is proper in this court. Plaintiff timely filed a Charge of Discrimination, Charge number 423-2014-00723 with the EEOC, a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on September 22, 2014, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

4. Plaintiff was hired by Defendant on September 12, 1994 and has worked for Defendant for over 20 years.

5. In February, 2014, Defendant issued Plaintiff a final written warning because of Plaintiff's allegedly deficient job performance.

6. The Branch Manager position with the Defendant became available in February, 2014. The District Manager, James "Roger" Moore, stated that he was going to hire someone for the position from within Plaintiff's office. Plaintiff told Mr. Moore that she was going to apply for the position. When Plaintiff told Mr. Moore this, Mr. Moore's response to Plaintiff was "Oh, you can't even apply now for the position because you are on final written warning."

7. Plaintiff works with two Caucasian females, Sherri Swanson and Heather Vizgard, that have the same position as Plaintiff. Ms. Swanson had a written warning and Ms. Vizgard, had a final written warning based on her job performance. Mr. Moore removed both of the white female co-workers from any written or final warning allowing both of them the opportunity to apply for the Branch Manager position.

8. Plaintiff has been employed with the Defendant for 20 years. Plaintiff's production numbers were the highest in Plaintiff's office at the time Mr. Moore placed Plaintiff on final written warning.

9. The Branch Manager position was given to Ms. Vizgard, Caucasian female, effective June 1, 2014. Ms. Vizgard had only been employed with the Defendant for 11 years, not like Plaintiff who had 20 years with the Defendant. Also, Ms. Vizgard did not have the production numbers and was not in the top percentile that Plaintiff was in.

10. Plaintiff has been discriminated against by the Defendant because of her race,

African American, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

## CAUSES OF ACTION

### COUNT ONE:  VIOLATION OF TITLE VII AND 42 U.S.C. 1981 – RACE DISCRIMINATION

11. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 10 above as if fully incorporated herein.

12. The Defendant violated Title VII and 42 U.S.C. 1981 by allowing management to discriminate against Plaintiff based on her race.  Plaintiff is African American; thus, she is protected against discrimination on the basis of her race.

13. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and promotion; or
2. Future wages in lieu of promotion;
3. Compensatory wages;
4. Punitive damages;
5. Attorney fees and costs; and
6. Such other relief as the Court deems just and appropriate.

THIS the 10th day of December 2014.

Respectfully submitted,

TANJIALA C. DISMUKE, PLAINTIFF

By: _____
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com