IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TANJIALA C. DISMUKE                                                                    PLAINTIFF

v.                                                                  CAUSE NO. 3:14-CV-947-CWR-FKB

ONE MAIN FINANCIAL, INC.                                                               DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause comes before the Court on Defendant OneMain Financial, Inc.'s ("OneMain")
Motion to Dismiss and to Compel Arbitration. Docket No. 9. Plaintiff Tanjiala C. Dismuke has
responded, Docket No. 11, to which Defendant submitted a reply, Docket No. 13. After
considering the arguments and applicable authorities, Defendant's Motion is granted.

I.       **Factual and Procedural Background**

On September 12, 1994, Dismuke, an African-American female, was hired at a OneMain
Financial Branch[1] in Columbus, Mississippi.[2] Compl. at 2, Docket No. 1, at 2. Upon being hired,
Dismuke was given OneMain's U.S. Employee Handbook ("Employee Handbook") and the
Principles of Employment. Def's Mem. in Supp. of Mot. to Dis. and to Compel Arbitration,
Docket No. 10, at 2. Attached as Appendix A to the Employee Handbook was the Employment
Arbitration Policy ("Arbitration Agreement"), which states that employees must comply with its
terms as a condition of employment, and that an employee's continued employment constitutes
acceptance of the Arbitration Agreement. Docket No. 9-2, at 5, "Arbitration Agreement" at pp.
53.

The arbitration agreement specifically provides:

---

[1] OneMain is a subsidiary of Citigroup Inc. ("Citi"). Citi will be referred to as OneMain for purposes of this Opinion.

[2] According to OneMain, Dismuke currently works for it as a Branch Account Manager. Def's Mem. in Supp. of Mot. to Dis. and to Compel Arbitration, Docket No. 10, at 2.

> This Policy applies to both you and to Citi, and makes arbitration the required and exclusive forum for the resolution of all employment-related disputes . . . . These disputes include, without limitation, claims, demands, or actions under Title VII of the Civil Rights Act of 1964 . . . and any other federal, state, or local statute, regulation, or common-law doctrine regarding employment [and/or] employment discrimination."

Arbitration Agreement at pp. 53. In addition, OneMain's Employee Handbook contained the following:

> **Arbitration**
> This Handbook contains a policy that requires you and Citi to submit employment-related disputes to binding arbitration (see Appendix A). Please read it carefully.

OneMain's Employee Handbook, Docket No. 9-4, at 3. Dismuke electronically signed acknowledgment of this Handbook on several occasions—including in 2009, 2011, and 2013—indicating an agreement to submit any employment-related disputes to arbitration. *See* Docket No. 9-5.

In her Complaint, Dismuke alleges that she was not allowed the opportunity to apply for a Branch Manager position because she was placed on final written warning. Compl. at 2. Under some circumstances, this would not justify court involvement, but Dismuke also alleges that two of her colleagues, Sherri Swanson and Heather Vizgard—both Caucasian females—were removed from final warning so that they would have the opportunity to apply for the Branch Manager position. *Id*. Dismuke's colleagues were removed from final warning by the District Manager, James "Roger" Moore. On June 1, 2014, Vizgard was given the Branch Manager position.

Dismuke filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which issued her a notice of right to sue upon her request. Dismuke then

filed the instant action arguing that she was discriminated against by OneMain because of her race, "in violation of the Civil Rights Act of 1964 and 42 U.S.C. § 1981."

## II.    Legal Standard

Section 2 of the Federal Arbitration Act (the "FAA") provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2 (1998). The Fifth Circuit has made clear that in enacting the FAA, Congress expressed a strong national policy in favor of arbitration. *See Mounton v. Metro. Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998); *Snap-on Tools Corp. v. Mason*, 18 F.2d 1261, 1263 (5th Cir. 1994). When faced with such an agreement, district courts "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed . . . absent a ground for revocation of the contractual agreement." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, (1985). Arbitration agreements are enforceable in the employment context, *Circuit City Stores, Inc.*, 532 U.S. 105, 119 (2001), and Title VII claims are subject to arbitration, *Green v. TIC-The Indus. Co.*,  No. 3:12cv153-CWR-FKB, 2012 WL 5198328, at *2 (S.D. Miss. Oct. 18, 2012) (citations omitted).

Courts conduct a two-step inquiry in ruling on motions to compel. *See Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 254 (5th Cir. 2012). The Court must first determine whether the parties agreed to arbitrate the dispute at issue. *Id.* Arbitration is a matter of contract and the Court cannot compel arbitration unless it determines that the parties made an agreement to do so. *See Penzoil Exploration and Prod. Co. v. Ramco Energy Lt.*, 139 F.3d 1061 (5th Cir. 1998). "[I]n determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law

of the particular state that governs the agreement." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 264 (5th Cir. 2004) (citation omitted). The parties agree that Mississippi law applies.

The determination of whether the parties agreed to arbitrate the dispute includes two additional inquiries: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996). Any doubts regarding the scope of arbitrable issues should be resolved in favor of arbitration. *Mounton*, 147 F.3d at 456. Once the Court determines whether the parties agreed to arbitrate the dispute at issue, it must then determine whether any contract defenses under federal or state law renders the claims nonarbitrable. *Washington Mut.*, 364 F.3d at 263; *see also Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686 (1996).

A motion seeking to compel arbitration pursuant to Title 9 U.S.C. § 4 does not confer subject matter jurisdiction on this Court. An independent jurisdictional basis must exist. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 25 n. 32 (1983). Because Dismuke invoked the provisions under Title VII and § 1981, this Court has federal question jurisdiction pursuant to 28 U.S.C.A. § 1331.

## III.   Discussion

In her response to OneMain's Motion, Dismuke does not dispute that an arbitration agreement exists and that the arbitration agreement governs Dismuke's claim; she asserts, however, that the arbitration agreement cannot be enforced because it is illusory. *See* Pl's Resp. to Mot. to Compel Arbitration, Docket No. 11 (citing *Carey*, 669 F.3d 202). Dismuke points to a specific provision within the arbitration agreement which makes it illusory. The provision states

4

that OneMain "reserves the right to revise, amend, modify, or discontinue the Policy *at any time* in its sole discretion with 30 calendar days' written notice." Arbitration Agreement at pp. 57. Dismuke claims that this provision is illusory because it endows OneMain with the power to alter, amend, or even terminate the agreement to avoid compliance with it.

The cases cited in support of Dismuke's arguments apply Texas law, which does not govern the instant action. As set forth above, this case is governed by Mississippi law. Recognizing a familiar rule within the law of contracts, the Court may distill Dismuke's argument into the issue of whether there is any mutuality of obligation due to OneMain's unilateral ability to amend or terminate the agreement. Under Mississippi law, however, an arbitration agreement is enforceable absent mutuality of obligation. *Sawyers v. Herrin-Gear Chevrolet Co.*, Inc., 26 So. 3d 1026 (Miss. 2010). *See also First Family Fin. Servs., Inc. v. Fairley*, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001) ("[M]utuality of obligation is not required for a contract to be enforceable," and an "arbitration clause is not unenforceable solely because it is one-sided." (citation omitted)); *Pridgen v. Green Tree Financial Servicing Corporation*, 88 F.Supp.2d 655 (S.D. Miss. 2000) (finding that mutuality of obligation is not required under Mississippi law for a contract to be enforceable, as long as the contract is supported by consideration). *But see Pitts v. Watkins*, 905 So. 2d 553, 555 (Miss. 2005) (finding that a clause in an arbitration agreement allowing defendant home inspector an avenue to pursue claims in court, while requiring the customer to arbitrate exclusively, was substantively unconscionable). "So, under Mississippi law, mutuality of obligation is not required for an arbitration agreement to be enforceable as long as there is consideration." *New S. Fed. Sav. Bank v. Anding*, 414 F. Supp. 2d 636, 644 (S.D. Miss. 2005).

In *Anding*, the arbitration agreement at issue reserved the right of one party to pursue

certain actions in court while the other party was required to submit all its disputes to arbitration. *Id*. at 643. The latter party argued that the one-sidedness of this agreement lacked mutuality and therefore was not supported by consideration. *Id*. Applying Mississippi law, the court concluded that the arbitration clause was valid, reasoning that "any mutual promises, such as mutual promises to arbitrate certain claims, constitute[d] consideration." *Id*. (citing *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 452 (Miss. 2004)). In addition the court found other mutual promises within the arbitration agreement which formed consideration, "such as the parties' waiver of the right to jury trial, the right to claim punitive damages and the right to seek attorney fees." *Id*.

In the case *sub judice*, the Court is of the opinion that the termination/amendment provision is not illusory. The provision specifically states that written notice must be given in order for the agreement to be altered, and the provision states that it "will apply prospectively only." Fifth Circuit and Texas cases ruling on similar provisions "suggest that the lack of a notice window before any elimination of the arbitration clause becomes effective *and the ability to amend the agreement retroactively so as to avoid any promise to arbitrate* are factors indicating that the agreement may be illusory." *Carey*, 669 F.3d 202, 205 (quoting *Torres v. S.G.E. Mangt., L.L.C.*, 397 Fed.Appx 63 (5th Cir. 2010)). Because OneMain's termination provision is armed with notice and it only applies prospectively, the Court cannot find that it is illusory. And even if it did not contain these factors, Mississippi law does not preclude such an agreement and Dismuke has not made any other argument to persuade this Court that the arbitration agreement at issue is unenforceable, other than asserting that it is one-sided. Moreover, the agreement, for example, provided other consideration like  promising continued employment to Dismuke as long as its terms were followed. Thus, the arbitration agreement is

enforceable against Dismuke.

**IV.      Conclusion**

       For the reasons stated above, the Court grants Defendant's Motion to Dismiss and Compel Arbitration. A Final Judgment consistent with this opinion shall issue on this the 20th day of July, 2015.

                                             s/ Carlton W. Reeves
                                             UNITED STATES DISTRICT JUDGE